

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARROW GEAR COMPANY, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>DOWNERS GROVE )<br>SANITARY DISTRICT, et al. )<br>)<br>Defendants. ) | Case No. 08-CV-4895<br><br>Judge John W. Darrah |

## ORDER

This cause having come before the Court on Plaintiff Arrow Gear Company's Motion for Findings and For Dismissal Pursuant to Settlement with Defendant Downers Grove Sanitary District, proper notice having been given to all parties, Plaintiff Arrow Gear Company ("Arrow Gear") and Defendant Downers Grove Sanitary District ("DGSD") having appeared by counsel, there being no objections to the instant Motion, and the Court being fully apprised;

**NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES, AND DECREES:**

a. The Court finds that the settlement between Plaintiff Arrow Gear and Defendant DGSD on behalf of themselves and their predecessors, successors, heirs, assigns, owners, partners and representatives is given in "good faith" under Section 2(c) of the Joint Tortfeasor Contribution Act, 740 ILCS 100/2(c);

b. DGSD is hereby discharged from liability to any other party in contribution under Section 2(d) of the Joint Tortfeasor Contribution Act, 740 ILCS 100/2(d) for: i) costs paid for the "Work," as described in Section VIII in that certain "Administrative Order by Consent Pursuant to Section 106 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C §9606;" bearing Docket No. V-W-03-C-751 (referred to in the Second Amended Complaint "AOC 1"); and ii) costs paid to date for the $1 million in costs referred to in Paragraph 13(a) of that certain "Administrative Settlement Agreement and Order Pursuant to Sections 104, 107 and 122 of CERCLA," executed by EPA on September 29, 2005 (referred to in the Second Amended Complaint as "AOC 2").

    c.    DGSD and Arrow Gear are hereby discharged from liability to any other party in contribution under CERCLA, 42 U.S.C. §9601 *et seq.* for costs paid for the Work under AOC 1 and for costs paid to date for the $1 million in costs referred to in Paragraph 13(a) of AOC 2.

    d.    Counts I, II, and IV of the Second Amended Complaint are hereby dismissed with prejudice, solely as against DGSD. These counts shall remain viable against defendant Lovejoy, Inc.; neither this Order nor the settlement agreement upon which it is based, shall have any effect on the claims in the Second Amended Complaint against Lovejoy, Inc.

    e.    Count I of the Counterclaim is hereby dismissed with prejudice as against Arrow Gear.

    f.    Counts V, VI, and VIII of the Second Amended Complaint are hereby dismissed with prejudice, as against DGSD.

    g.    Counts III and VII of the Second Amended Complaint are hereby dismissed without prejudice as against DGSD. Count III shall remain viable against defendant Lovejoy, Inc.; neither this Order nor the settlement agreement upon which it is based, shall have any effect on the claims in the Second Amended Complaint against Lovejoy, Inc.

    h.    Count II of the Counterclaim is hereby dismissed without prejudice as against Arrow Gear.

    i.    The settlement agreement upon which this Order is based is attached hereto as Attachment 1 and is hereby incorporated by reference as if fully set forth herein.

    j.    All parties to the settlements shall bear their own costs.

**IT IS SO ORDERED.**

SIGNED THIS 13 day of June, 2012.

_____
John W. Darrah, Judge
United States District Court